UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dennis M. Mounce

v.                                    Case No. 10-cv-560-PB
                                      Opinion No. 2016 DNH 145
Carolyn W. Colvin,
Acting Commissioner,
U.S. Social Security
Administration


O R D E R

Attorney Elizabeth R. Jones seeks $37,953.63 in attorney's
fees for her representation of Social Security claimant Dennis
Mounce.  She argues that a fee agreement she executed with
Mounce in October 2011 entitles her to fees.  In my previous
Order, I noted that neither Jones nor the Social Security
Administration (SSA) had adequately briefed whether Jones's fee
agreement addressed work she performed before this court.  I
therefore directed the parties to file additional briefs
addressing two questions: (1) whether Jones and Mounce entered
into any enforceable fee agreement entitling Jones to
compensation under 42 U.S.C. § 406(b), and (2) if not, what
standard should govern an award of fees to Jones.  Having
reviewed the parties' responses, I now find that Jones's fee
agreement does not authorize her to receive a fee award under §

406(b) but nonetheless apply the principles of Gisbrecht v. Barnhart, 535 U.S. 789 (2002) to award Jones $21,900 in fees.[1]

A.  **Does the Fee Agreement Authorize a Fee Award Pursuant to §406(b)?**

Jones seeks fees under 42 U.S.C. § 406(b), a statute that allows attorneys to recover a portion of a claimant's past-due benefits as compensation for representing the claimant in federal court.  Courts may only award fees for work done before the court and may not grant fees for work done before the SSA. See 42 U.S.C. § 406(b)(1)(A); Clark v. Astrue, 529 F.3d 1211, 1215 (9th Cir. 2008).  Where, as is often the case, attorneys enter into fee agreements with claimants, courts generally defer to these agreements, so long as they are "reasonable."  See Gisbrecht, 535 U.S. at 807-08.

Jones argues that her October 2011 fee agreement entitles her to fees under Section 406(b).[2]  This argument is unpersuasive

---

[1] The facts, procedural history, and legal framework of this case are set out in my previous order (Doc. No. 18), and I therefore discuss only those facts that are relevant to resolving the present motion.

[2] Jones signed three separate fee agreements with Mounce, but Jones only argues that the October 2011 agreement entitles her to fees here.  See generally Doc. Nos. 19; 18 at 2-5 (describing the three agreements); 17 at 1 (conceding that the first agreement "specifically limited the time period it covered" and ended after the ALJ hearing in June 2010).

because the agreement does not reference fees under Section
406(b).

I begin with the agreement's language.  The agreement
contains three main fee provisions: a first "tier" provision, a
second "tier" provision, and a clause discussing assignment of
fees under the Equal Access to Justice Act (EAJA).  The first
tier states that if Jones wins "at any administrative level"
through the first ALJ decision after the date of the agreement,
Jones receives a fee of either 25% of Mounce's past-due benefits
or $6,000, whichever is less.  Doc. No. 14-2 at 12 (emphasis
added).  The second tier states that if the first ALJ decision
is a denial, and Jones files an appeal for Mounce and wins,
Jones "will ask SSA" to approve a fee no greater than 25% of
Mounce's back benefits.  Id. (emphasis added).  The second tier
also provides that Jones's total fee will be "no more than the
limit set by 42 U.S.C. § 406(a)(2)(A)."  Id. (emphasis added).
Finally, the EAJA clause states that "[i]f a court awards
[Mounce] a fee under the Equal Access to Justice Act, [Mounce]
assigns them to [Jones]."  Id.

Thus, only the EAJA clause mentions compensation for work
done before the court.  The first tier prescribes compensation
for Jones's representation at the "administrative level," not
the court.  The second tier notes that Jones will ask the "SSA"

3

– not the court – to approve her fee, and makes clear that Jones's fee may not exceed the limit set by Section 406(a) – which governs representation before the SSA – not 406(b) – which governs representation in court.  Indeed, the agreement makes no reference to Section 406(b) at all.  Finally, although the EAJA clause allows fees for court work, the EAJA provides a right to fees that is distinct from the right recognized in Section 406(b).[3]  As such, the language of the agreement provides no basis for awarding fees under Section 406(b).

**B.**   **What Standard Should Guide an Award of Fees Here?**

Even without an enforceable fee agreement, Jones may still recover fees for her work in this court.  See 42 U.S.C. § 406(b)(1)(A) ("Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation . . . ."); Greenberg v. Colvin, 63 F. Supp. 3d 37, 50 (D.D.C. 2014) ("The statute . . . does not demand a contingent agreement . . . courts have held that fees under § 406(b) may be available where

---

[3] In fact, Jones has already received an EAJA fee from Mounce and has agreed to remit that sum to Mounce if her request for attorney's fees is granted here.  Doc. No. 14 at 3; see Gisbrecht, 535 U.S. at 796 (noting that attorneys "must refund to the claimant the amount of the smaller fee") (internal alterations and quotations omitted).

there is no contingency arrangement between the claimant and his counsel."); Sanfilippo v. Comm'r of Soc. Sec., No. 8:04-CV-2079-T-27MSS, 2008 WL 1957836, at *3 (M.D. Fla. May 5, 2008) ("This Court does not agree that Grisbrecht [sic] prohibits a fee award where there is not a contingency fee agreement.").  The question is therefore what standard I should apply to Jones's fee award.

The parties describe two potential approaches.  One is the lodestar method, whereby courts multiply the number of hours "reasonably devoted to each case" by a "reasonable hourly fee." Gisbrecht, 535 U.S. at 797-98.  The other calls for me to apply a "reasonableness" test by employing the principles described by the Supreme Court in Gisbrecht.

I adopt a blended approach.  In Gisbrecht, the Supreme Court instructed courts to essentially defer to fee agreements negotiated by attorneys and claimants, so long as they are "reasonable."  See 535 U.S. at 807-808.  In this case, however, Jones has no enforceable fee agreement that would be entitled to deference.  Nevertheless, Gisbrecht still provides helpful guidance by identifying a set of factors courts should review to determine a reasonable fee.  See id. at 808.  These factors include, as the SSA notes, "(1) the character of representation; (2) the results achieved; (3) whether the attorney is responsible for a delay and will profit from an accumulation of

benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the amount of time counsel spent on the case." Doc. No. 20 at 2; see Gisbrecht, 535 U.S. at 808.

Thus, I begin with Jones's lodestar as a starting point and then adjust her fee by applying Gisbrecht's factors. See Bentley v. Comm'r of Soc. Sec., 524 F. Supp. 2d 921, 925 (W.D. Mich. 2007) ("In the absence of a contingent fee agreement, the most useful starting point for determining a reasonable fee is the 'lodestar'. . . ."). Here, Jones spent 43.80 hours on Mounce's court case, at a rate of $250 an hour. Doc. No. 14-2 at 70-72. A lodestar approach – multiplying hours by hourly rate – would therefore yield a fee of $10,950.[4]

Using $10,950 as a starting point, I now apply the Gisbrecht factors, several of which support increasing Jones's fee. For starters, her work before this court took considerable skill. Jones had to establish Mounce's past disability despite

---

[4] In her brief, Jones states: "[s]hould the court find that the fee agreement is unenforceable under § 406(b) then a more complete list of total hours spent, to include paralegal time, will be submitted." Doc. No. 19 at 9. I see no need to have Jones submit further documentation about her hours because the total fee I award – twice the lodestar – encompasses both the time she spent on the case and any reasonable paralegal hours. As such, I decline to give the parties further time to submit even more documentation above what has already been submitted.

multiple past denials, a fact that required her to present more than boilerplate arguments.  Cf. Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005) (giving weight to representation that shows "effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research.").  Second, Jones's work was effective.  She won Mounce nearly seven years of back benefits, worth $151,814.50.  Doc. No. 14 at 2.  She did this, moreover, while bearing a significant risk that she would not be compensated at all for her work, since Mounce paid no fee up-front.  Cf. Bentley, 524 F. Supp. 2d at 924 (noting Congress's concern in enacting Section 406(b) that attorneys taking Social Security cases risked "nonpayment of appropriate fees").

Third, in addition to securing back benefits, Jones also won ongoing disability payments for Mounce, a significant future benefit.  Cf. Crawford v. Astrue, 586 F.3d 1142, 1152 (9th Cir. 2009) (en banc) (highlighting, as a reason to approve a high attorney fee, the fact that "attorneys will receive no percentage of the substantial future benefits paid to the claimants").  Fourth, there is no indication that Jones engaged in delay tactics in order to increase her total fee.  See id. at 1148 (condemning "dilatory conduct" by attorneys).

Given these factors, an award of $21,900, or twice the
lodestar of $10,950, is warranted.  This fee represents a rate
of $500 an hour, and is significantly lower than the $37,953.63
Jones seeks, but significantly higher than her normal hourly
rate.  This award is consistent with fees endorsed by other
courts.[5]

## CONCLUSION

I grant Jones's motion (Doc. No. 14) and award attorney's
fees in the amount of $21,900 (Twenty-One Thousand Nine Hundred
Dollars).  I direct Jones to remit to Mounce her prior EAJA fee
of $5,875.20.  See 28 U.S.C. § 2412 note, Act of Aug. 5, 1985,
Pub. L. No. 99-80, § 3, 99 Stat. 183, 186; Gisbrecht, 535 U.S.
at 796 (requiring attorneys to "refun[d] to the claimant the

---

[5] On the higher side, in Ezekiel v. Astrue, Judge Hornby reduced
a fee request from $6,426 to $3,675, which represented an hourly
rate of $1,225, or three times the attorney's lodestar.  See 853
F. Supp. 2d 177, 178, 181 (D. Me. 2012).  On the lower side, in
Bentley, Judge Bell reduced a fee award to $4,440, which
represented exactly the lodestar rate of $200 an hour.  See 524 F.
Supp. 2d at 926.  Somewhere in the middle, in Moriarty v.
Astrue, Judge McAuliffe upheld a fee request of $19,438.60 for
44.35 hours of work, or $438 an hour, noting that the request
was "entirely reasonable" given that it was less than twice the
lodestar, based on the attorney's hourly rate of $250.  See 2010
DNH 055, 4-6.  Jones's fee falls well within this range.

amount of the smaller fee.") (alteration in original).[6]

SO ORDERED.


/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge


August 23, 2016

cc:  Elizabeth R. Jones, Esq.
     T. David Plourde, Esq.

_____

[6] Legislation enacted in 1985 states:
    Section 206(b) of the Social Security Act (42 U.S.C.
    406(b)(1)) shall not prevent an award of fees and other
    expenses under section 2412(d) of title 28, United States
    Code [the EAJA].  Section 206(b)(2) of the Social Security
    Act shall not apply with respect to any such award but only
    if, where the claimant's attorney receives fees for the
    same work under both section 206(b) of that Act and section
    2412(d) of title 28, United States Code, the claimant's
    attorney refunds to the claimant the amount of the smaller
    fee.

Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183
(published in the notes following 28 U.S.C. § 2412) ("Public Law
No. 99-80").